UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Muhammad, *aka* James Wright, Sr., | ) C/A No. 3:06-2297-CMC-JRM |
| Petitioner, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| State of South Carolina; | ) |
| Columbia Care Center, *aka* Just Care; and | ) |
| Henry McMaster, Attorney General of | ) |
| the State of South Carolina, | ) |
| Respondents. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by an Aiken County pre-trial detainee committed by court order to Columbia Care Center/Just Care for mental health reasons.[1]

Petitioner was indicted during the May 1997 term of the Court of General Sessions for Aiken County for assault and battery of a high and aggravated nature. He proceeded to trial before the (then) Honorable Costa Pleicones, and a jury. On June 17, 1997, Petitioner was found not guilty by reason of insanity. Petitioner was committed to the State Hospital pursuant to South Carolina Code § 17-24-40 for examination. Petitioner filed a Notice of Intent to Appeal and the State filed a motion to dismiss the appeal. The South Carolina Court of Appeals granted the State's motion to dismiss in that case.

Petitioner was discharged from Hall Institute on July 3, 1999 under certain conditions set out in an order issued by the Honorable Frank Eppes. Petitioner was

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

readmitted to the Department of Mental Health on June 10, 2004, for non-compliance with the July 3, 1999 order. On April 14, 2005, an Amended Order was entered which discharged the Petitioner from the Department of Mental Health with conditions. On November 1, 2005 Petitioner was arrested in Aiken County for bank fraud. Subsequent to his arrest, Petitioner was committed to the Just Care facility of Hall Institute, where the Petitioner is currently confined. It does not appear that Petitioner ever filed an appeal to the South Carolina Supreme Court from his most recent commitment order.

In December 2005, Petitioner filed a petition for writ of habeas corpus in this Court. *See* Muhammad v. Connery, Civil Action No. 3:05-3441-CMC-JRM; *see also* Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records). That case was recently dismissed without prejudice for lack of exhaustion of state remedies on the respondents' motion for summary judgment. The judgment in the prior habeas action was entered on July 19, 2006, and the Petition in this case was filed less than one month later, on August 16, 2006. (Entry 1). In the Petition in this case, Petitioner claims that he was "kidnaped from [his] home on Nov.9, 05 on false charges" and was then placed in the Just Care facility "to get legal assistance." Petition, at 5. He also claims that he has "done all that [he] could do to no avail," id. at 8, and that he "was not given a chance" to appeal the result reached in Civil Action No. 3:05-3441-CMC-JRM. Id. at 9. He asks this Court for the following relief: "release me back to my affairs 'if' I am Innocent [sic]." Id. at 14. There is nothing in the Petition filed in this case to indicate that Petitioner filed any type of case in any South Carolina state appellate court prior to filing this case.

2

## Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

**Discussion**

This case is subject to summary dismissal for the same reasons the § 2254 petition filed in Civil Action No. 3:05-3441-CMC-JRM was subject to summary dismissal: failure to exhaust state remedies. *See* Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d at 1296 ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."). In the Report and Recommendation filed in Petitioner's previous § 2254 case, the undersigned found that Petitioner has at least two (2) state court remedies that he had not yet exhausted: an appeal to the South Carolina state appellate courts pursuant to SCACR 201 from the order of commitment issued in his Aiken County criminal case, and a state petition for writ of habeas corpus pursuant to Article 1, § 18 of the South Carolina Constitution. In light of the nearness in time from the dismissal of Civil Action No. 3:05-3441-CMC-JRM and the filing of the Petition in this case and the lack of allegations in the Petition showing pursuit of state court appellate or habeas proceedings, it is clear that Plaintiff still has not exhausted his state court remedies. As a result, the § 2254 Petition filed in this case is frivolous and should be summarily dismissed without service on Respondents. *See* Miller v. Blalock, 356 F.2d 273. 274 (4th Cir. 1966)(although involuntarily committed mental patients may file § 2254 petitions seeking release, they must first exhaust their state remedies).

**Recommendation**

Accordingly, it is recommended that the Petition in this case be dismissed *without prejudice* and *without requiring Respondents to file a return*. *See* 28 U.S.C. §

4

1915(e)(2)(B)(i); <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer or return).

    Petitioner's attention is directed to the notice on the following page.

                  Respectfully submitted,

                  s/Joseph R. McCrorey
                  United State Magistrate Judge

August 22, 2006
Columbia, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
